

**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| IN RE:<br>CHARLES ROY BENDU<br>    Debtor | BCN#: 16-21892<br><br>Chapter: 13 |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE ON BEHALF OF SG MORTGAGE SECURITIES TRUST 2007 AHL1 ASSET BACKED CERTIFICATES, SERIES 2007 AHL1 and its assignees and/or successors in interest,<br>    Movant,<br>v.<br>CHARLES ROY BENDU<br>    Debtor<br>and<br>Isatu M. Bendu<br>    Codebtor<br>    Respondents | **CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY** |

This matter came on to be heard upon consideration of the Motion of HSBC Bank USA, National Association as Trustee on behalf of SG Mortgage Securities Trust 2007 AHL1 Asset Backed Certificates, Series 2007 AHL1 for Relief from Automatic Stay of 11 USC 362 (a) as well as the Co-debtor stay of 11 USC Section 1301(a) as to certain real property at 9402 Ardwick Ardmore Rd, Springdale, MD 20774; and

It appearing that the parties consent to the entry of this Order, and it is further appearing that the co-debtor has failed to file a response thereto;

IT IS HEREBY ORDERED, that the automatic stay of 11 USC 362 (a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 9402 Ardwick Ardmore Rd, Springdale, MD 20774.

IT IS FURTHER ORDERED, that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order:

a)   The Debtor shall cure the post petition arrearage of $6,916.46, which amount includes payments April 1, 2017 through June 1, 2017 in the amount of $1,963.94, debtor suspense of $6.36 and includes $1,031 for legal fees and costs.

b)   The Debtor shall cure the arrearage of $6,916.46 by making the following payments which include fees and costs:

| Date | Amount |
|---|---|
| 15th of July, 2017 | $1,152.75 |
| 15th of August, 2017 | $1,152.75 |
| 15th of September, 2017 | $1,152.75 |
| 15th of October, 2017 | $1,152.75 |
| 15th of November, 2017 | $1,152.75 |
| 15th of December, 2017 | $1,152.71 |

c)   In addition to curing the arrearage, the Debtor shall resume making regular monthly post petition payments due under the note beginning with the payment due July 1, 2017.

d)   All payments made pursuant to this Order shall be applied first to reimburse the creditor for its attorney fees and costs (in connection with this motion), in the amount of $1,031.00. An additional amount of $50.00 may be obtained by the Secured Creditor for the attorney fees in the event that a valid Notice of Default is filed and\or Relief from the Automatic Stay is obtained for any reason.  All further payments will be applied to the debt in the manner prescribed by the mortgage note and mortgage.

e) If the debtor defaults upon payment under the terms of this order or if any payments which have been acknowledged in the calculation of the mortgage arrearage in this order, but which subsequently fail to clear and are dishonored, then the Movant shall:

- mail to the Debtor and Debtor's counsel, and the Court, a notice setting forth the amount and nature of the default under the terms of this Order.

- the Debtor may within twelve days of mailing the notice of default submit the required payment to bring the Debtor current pursuant to the terms of this order.  Any cure of a notice of default must include all amounts set forth in the notice of default as well as any payments which have subsequently accrued under the terms of this order and are due at the time the cure payment is tendered.

f) Acceptance of partial payment by the Secured Creditor during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this order shall terminate on the expiration of the twelve day period in the absence of complete cure notwithstanding partial payment.

g) If the default is not cured within the cure period, or if no response is filed to said notice, within twelve days of the mailing of the notice, which response denies the default specifically referencing the amounts paid by the Debtor(s) since the entry of the Order by check, money order, and by requesting a hearing, the forbearance provisions of this order shall terminate and the Secured Creditor shall be free to foreclose its security interest, upon the mailing of a Notice, to all parties and the Court, of Secured Creditor's right to foreclose its security instrument, Subsequent to such sale, the Secured Creditor may take all lawful actions in accordance with state law, to take possession of the property and shall, pursuant to Local Bankruptcy Rule 4001-3, provide a copy of the Report of Sale and all Audits Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.

IT IS FURTHER ORDERED AND AGREED that the Debtors right to cure shall be limited to two (2) such opportunities and that upon the filing of a third default under the terms of the order; there shall be no further opportunity to cure and the Secured Creditor may proceed to foreclose its security interest in the subject real property.

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this order shall terminate upon conversion, dismissal or discharge.

IT IS FURTHER ORDERED AND AGREED that the Co-debtor stay of 11 U.S.C. Section 1301(a) is terminated upon entry of this order.

I ask for this:

/s/ Kristine D. Brown

_____
Kristine D. Brown, Esquire
Federal I.D. Bar No. 14961
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Diana C. Valle, Esquire
Federal I.D. Bar No. 18377
Counsel for Movant
ecf@logs.com

Seen; Agreed:

/s/ BENNIE R. BROOKS

_____
BENNIE R. BROOKS, Counsel for Debtor


I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/___Kristine D. Brown_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

/s/ Kristine D. Brown

_____
Kristine D. Brown, Esquire
William M. Savage, Esquire
Diana C. Valle, Esquire

Copies of this order are to be sent to:

CHARLES ROY BENDU
9402 ARDWICK ARDMORE RD
SPRINGDALE, MD 20774

ISATU M. BENDU
9402 ARDWICK ARDMORE RD
SPRINGDALE, MD 20774

NANCY SPENCER GRIGSBY
185 ADMIRAL COCHRANE DR.
SUITE 240
ANNAPOLIS, MD 21401

BENNIE R. BROOKS
8201 CORPORATE DRIVE
SUITE 260
LANDOVER, MD 20785

SHAPIRO & BROWN, LLP
10021 BALLS FORD ROAD, SUITE 200
MANASSAS, VIRGINIA 20109

17-264784

**END OF ORDER**